El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

---

## CALVO v. MATOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 65.—Resuelto en Octubre 26, 1903.

CASACIÓN.—No se da el recurso de casación contra las resoluciones dictadas en los procedimientos para ejecución de sentencias, á no ser que resuelvan puntos substanciales no controvertidos en el pleito, ni decididos por la ejecutoria, ó que se provea en contradicción con lo ejecutoriado.

APELACIÓN.—La anterior doctrina es aplicable también á los recursos de apelación, pues en todos los casos en que la ley de Enjuiciamiento Civil haga referencia á recursos de *casación* se entenderán de *apelación*, según las disposiciones de la Ley transformando la Corte Suprema en Corte de apelación.

### EXPOSICIÓN DEL CASO.

En las diligencias de ejecución de sentencia dictada en pleito seguido en el Tribunal de Distrito de Arecibo por Don Julio Calvo y Morales contra Don Manuel Matos, en cobro de pesos, pendientes ante Nos en virtud de recurso de casación por infracción de ley, hoy de apelación, interpuesto por el demandado y sostenido en su defensa y representación por el Abogado Don Antonio Alvarez Nava y continuado después por el de la misma clase Don Jacinto Texidor,

No. 65.—Decided October 26, 1903.

#### STATEMENT OF THE CASE.

Preliminary proceedings having been instituted on August 7, 1897, in the former Court of First Instance of Utuado, by Julio Calvo y Morales against Manuel Matos, for the recovery of two thousand nine hundred and ninety *pesos*, the

habiendo llevado la representación de la parte apelada el Lcdo. Don Juan R. Ramos.

*Resultando* que iniciadas diligencias preparatorias de ejecución en 7 de Agosto de 1897 en el suprimido Juzgado de Primera Instancia de Utuado por Don Julio Calvo y Morales contra Don Manuel Matos en cobro de dos mil novecientos noventa pesos, procedentes de dos pagarés é intereses vencidos, se decretó el embargo preventivo de bienes de la propiedad del deudor, que se llevó á efecto en una finca rústica de ciento cuarenta cuerdas de extensión, situada en el barrio de "Salto-Abajo" del término municipal de Utuado; y que entablada después la demanda en pleito ordinario y seguido éste por todos sus trámites, dictó sentencia el Tribunal de Distrito de Arecibo, en 7 de Marzo de 1900 por la que se condenó al demandado Don Manuel Matos al pago de la cantidad reclamada, con los intereses y las costas, contra cuya sentencia interpuso aquél el recurso de casación por infracción de ley, que se declaró sin lugar por el Tribunal Supremo en 4 de Marzo de 1901, con las costas al recurrente.

*Resultando* que seguida la vía de apremio para la ejecución de la sentencia, solicitó el acreedor Don Julio Calvo el embargo de bienes del deudor en cantidad bastante á cubrir los dos mil novecientos noventa pesos de la demanda con sus intereses y las costas, á lo que se accedió por providencia de 28 de Junio del año citado; y realizado el embargo en la misma finca rústica embargada preventivamente y en dos casas más que en ella existían enclavadas, presentó escrito el deudor en 24 de Agosto siguiente, para que se declarara alzado el primer embargo constituído en la finca de su propiedad, lo que se declaró sin lugar, previa audiencia del acreedor Don Julio Calvo, por provisto del 30 del mismo mes, y que pedida reposición de esta providencia y sustanciado en forma el recurso, le fué declarado sin lugar por auto de 20 de Septiembre siguiente.

*Resultando* que en este estado las diligencias de apremio,

aggregate amount of two matured promissory notes and interest accrued thereon, a writ of attachment was issued on the debtor's property, the same being levied on a farm containing one hundred and forty *cuerdas*, situated in *barrio* "Salto Abajo", within the municipal district of Utuado. The complaint having been filed as an ordinary action, the case was duly prosecuted in the District Court of Arecibo, which rendered judgment on March 7, 1900, the defendant, Manuel Matos, being adjudged to pay the amount claimed, with interest and costs, from which judgment he took an appeal in cassation for error of law, which was dismissed by the Supreme Court on March 4, 1901, with costs against appellant.

Upon the institution of compulsory proceedings for the execution of the judgment, the creditor, Julio Calvo, prayed that the property of the debtor be levied upon in a sufficient quantity to cover the two thousand nine hundred and ninety *pesos* claimed, besides interest and costs, which petition was granted in an order dated June 28 of the said year. An attachment having been levied on the same farm upon which an attachment had been provisionally levied, and on two houses in addition thereto, which stood on the premises, the debtor filed a petition on August 24 following, praying that the first attachment levied on his property be dissolved, which petition, after hearing the creditor, Julio Calvo, was denied by an order dated the 30th of the same month, and having moved for a reconsideration thereof, said motion, after being duly heard, was denied by an order dated September 20 following.

At this state of the execution proceedings, the debtor, Manuel Matos, through his counsel, moved that before proceeding with the main question, the two attachments levied on his property be declared null and void as also the proceedings had after the constitution of the last attachment, alleging that although the increase of the attachment is admissible in the cases referred to in article 1453 of the Law

presentó escrito la representación del deudor Don Manuel Matos, promoviendo artículo de previo y especial pronunciamiento, para que se declararan nulos los dos embargos practicados en la finca de su propiedad y nulas las diligencias subsiguientes á la constitución del segundo; alegando para ello que si bien la ampliación de los embargos es procedente en los casos á que se refiere el artículo 1453 de la Ley de Enjuiciamiento Civil, en el caso de autos no se trataba propiamente de una ampliación de embargo, puesto que ni se había solicitado, ni se había decretado con este carácter, sino de dos embargos distintos, decretados sobre los mismos bienes y para garantir unas mismas obligaciones, y por consiguiente el segundo anulaba ó dejaba sin efecto el primero, porque no cabe dentro de las prescripciones de la Ley procesal que subsistan al mismo tiempo dos embargos en las condiciones expresadas; que en el segundo se había nombrado de depositario á un extraño, contraviniéndose así á lo dispuesto por la Orden General No. 57, según la cual ese nombramiento debe recaer siempre en el mismo dueño de los bienes embargados, y que en el mandamiento dirigido al Registrador de la Propiedad para la anotación del embargo se habían fijado quinientos dollars para costas, cuando no había recaído providencia alguna del Tribunal que así lo hubiera ordenado; por todo lo cual debían declararse nulos ambos embargos y nulas las diligencias practicadas con posterioridad al segundo, á cuyo escrito se declaró, por providencia de primero de Octubre siguiente, "no haber lugar á proveer", y pedida reposición de dicha providencia se declaró también sin lugar por provisto del tres del mismo mes de Octubre.

*Resultando:* que contra esta providencia y su concordante de primero del mismo mes, se interpuso por la representación de Don Manuel Matos recurso de casación por quebrantamiento de forma y simultáneamente por infracción de ley; habiéndose declarado sin lugar el primero de dichos recursos por sentencia de este Tribunal de 30 de Octubre de 1902.

of Civil Procedure, in the case at bar it was not properly a question of an increase of attachment, which had neither been called for nor decreed as such, but of two different attachments, levied upon the same property to guarantee the same obligations, and therefore the second left the first without effect, because under the provisions of the law of procedure, two attachments cannot subsist at the same time under the conditions above set forth; that in the second attachment a stranger had been appointed as trustee, thereby contravening the provision of General Order No. 57, according to which such appointment should always be made in the person of the owner of the attached property, and that in the order to the Registrar of Property, directing a cautionary notice of attachment to be made, five hundred dollars had been assigned for the costs, whereas no decree had issue from the court authorizing such an item. For all of which reasons both attachments should be declared null and void as also the proceedings had subsequently to the last attachment. This motion was dismissed by an order dated October 1 of the same year and an application for a reconsideration thereof was also dismissed by an order dated October 3.

From both of said decisions counsel for Manuel Matos took an appeal in cassation for error of procedure and at the same time for error of law, the former of which appeals was dismissed by judgment of this court rendered on October 30, 1902.

The appeal in cassation for error of law having been allowed, the hearing took place on October, 23, and counsel for respondent being present argued the case.

Mr. *Alvarez Nava* and Mr. *Texidor*, for appellant.

Mr. *Cuevillas* and Mr. *Ramos*, for respondent.

MR. JUSTICE SULZBACHER, after making the above statement of facts, delivered the opinion of the court as follows:

According to article 1693 of the Law of Civil Procedure, an appeal in cassation will not lie from an order in proceed-

*Resultando:* que tramitado el recurso por infracción de ley como recurso de apelación, tuvo lugar la vista del mismo el dia 23 de Octubre corriente, con asistencia é informe del Letrado de la parte apelada.

Abogados del apelante: *Sres. Alvarez Nava y Texidor.*

Abogados del apelado: *Sres. Cuevillas y Ramos, (Juan R).*

EL JUEZ ASOCIADO SR. SULZBACHER, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando:* que con arreglo al artículo 1693 de la Ley de Enjuiciamiento Civil no se da el recurso de casación contra las resoluciones dictadas en los procedimientos para ejecución de sentencias, á no ser que resuelvan puntos sustanciales no controvertidos en el pleito ni decididos por la ejecutoria, ó que se provea en contradicción con lo ejecutoriado.

*Considerando:* que en tal concepto es improcedente el recurso de casación interpuesto por Don Manuel Matos, puesto que por las providencias recurridas no se resuelve definitivamente ninguna cuestión sustancial ni se provee en contra de lo ejecutoriado, pues que se limitan á rechazar de plano un artículo de previo y especial pronunciamiento sobre nulidad de los embargos y otras actuaciones practicadas en la vía de apremio para el cumplimiento de la ejecutoria.

*Considerando:* que los anteriores fundamentos legales son aplicables al recurso de apelación, pues según la sección 4ª de la Ley de 12 de Marzo último transformando la Corte Suprema de esta Isla en Corte de apelación, en todos los casos en que la Ley de Enjuiciamiento Civil habla de recursos de casación se entenderán de apelación.

*Fallamos:* que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley, hoy de apelación, interpuesto por Don Manuel Matos con las costas á su cargo, quedando en su consecuencia firmes las resoluciones recurridas; y comuníquese esta sentencia á la Corte de Distrito de Arecibo con devolución de los autos, á los efectos procedentes.

ings for the execution of judgments, unless substantial points are decided which are not controverted in the action, nor decided in the executory judgment, or which are contradictory thereto.

Such being the case, the appeal in cassation taken by Manuel Matos does not lie, inasmuch as in the orders appealed from no substantial point is finally disposed of, nor is a decision given contradictory to the judgment, the same being limited to the dismissal of a motion for a special decision regarding the nullity of the attachments and other proceedings had for the execution of the judgment.

The foregoing legal grounds are applicable to this case on appeal, for according section 4 of the Act of March 12, 1903, establishing the Supreme Court of Porto Rico as court of appeals, in all cases where reference is made in the Law of Civil Procedure to appeals in cassation the same shall be construed as meaning appeals.

We adjudge that we should declare, and do declare, that the appeal in cassasion for error of law, now appeal, taken by Manuel Matos, does not lie, and tax the costs against him, the decisions appealed from, therefore, to stand as final. This decision is ordered to be communicated to the District Court of Arecibo, to which the record is to be returned for the proper purposes.

Chief Justice Quiñones, and Justices Hernández and MacLeary, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.